**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

FEDERAL TRADE COMMISSION,                                    :
                                                             :
                                   Plaintiff,                :
                                                             :     1:25-cv-02594 (ALC)
                          -against-                          :
                                                             :     ORDER
CLEO AI, INC.,                                               :
                                                             :
                                   Defendant.                :
-------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

On March 27, 2025, Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") was

granted leave to file this matter with a redacted complaint, available publicly, and an unredacted

complaint, filed under temporary seal. *See* Order to File Redacted Complaint, *FTC v. Cleo AI,*

*Inc.*, No. 1:25-mc-00134 (S.D.N.Y. Mar. 27, 2025), ECF No. 3. Before the Court is Defendant

Cleo AI, Inc.'s ("Defendant" or "Cleo") letter motion to permanently seal both the complaint and

a declaration of Rahul Jain, which Cleo submitted in support of its letter motion. *See* ECF No. 11

(letter motion); ECF No. 12 (declaration and proposed redacted complaint). FTC opposes the

sealing of both documents. *See generally* ECF No. 15. The Court has read and considered the

parties' briefing, the unredacted copy of the complaint, and Cleo's declaration. For the following

reasons, the Court **DENIES** Defendant's request to seal the complaint and declaration.

At common law and under the First Amendment, there is a general presumption in favor

of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110,

119 (2d Cir. 2006). The Second Circuit has established a framework to determine whether a

judicial document may be withheld from public view. *See id*. First, the Court must determine

whether the document in question is a judicial document. *See id*. If it is, then the Court must

evaluate the weight to be accorded to the presumption of public access that attaches. *Id*. "The

weight of the presumption is a function of (1) the role of the material at issue in the exercise of

Article III judicial power and (2) the resultant value of such information to those monitoring the

federal courts, balanced against competing considerations such as the privacy interests of those

resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132,

142 (2d Cir. 2016).

 "In order to be designated a judicial document, 'the item filed must be relevant to the

performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at

119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Pleadings are plainly

judicial documents, as "[a] complaint, which initiates judicial proceedings, is the cornerstone of

every case, the very architecture of the lawsuit, and access to the complaint is almost always

necessary if the public is to understand a court's decision." *Bernstein*, 814 F.3d at 142 (citation

omitted). "Moreover, in commencing an action and thus invoking the court's jurisdiction, the

parties' substantive legal rights and duties may be affected." *Id*. Further, "the weight of the

presumption" in favor of access to pleadings is strong, as "[p]leadings, such as the complaint

here, are highly relevant to the exercise of Article III judicial power." *Id*.

 Declarations are also judicial documents. *See United States v. Correia*, No. 19-CR-725-3

(JPO), 2020 WL 6683097, at *1 (S.D.N.Y. Nov. 12, 2020) ("[C]ounsel's declarations fit

comfortably within the Second Circuit's capacious definition of a judicial document: they are

relevant to this Court's decision whether to grant counsel's motion."). The weight of the

presumption of access to them may be less than for a complaint and other "matters that directly

affect an adjudication," but the Court must still "articulate specific and substantial reasons for

sealing such material." *Id.* (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)) (internal quotation marks omitted).

Moving to "the crux of the weight-of-the-presumption analysis," the Court must "balanc[e] the value of public disclosure and countervailing factors such as (i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure." *Bernstein*, 814 F.3d at 143 (citations and internal quotation marks omitted).

Regarding both the complaint and the declaration, Cleo asserts that disclosure would "give future market entrants and existing industry participants access to valuable and competitive information, to the disadvantage of Cleo's position in the market." *See* ECF No. 11 at 3. "[O]ne consideration that may override the presumption of public access is preserving the secrecy of 'specific business information and strategies, which if revealed, may provide valuable insights to competitors.'" *Portal Instruments, Inc. v. Leo Pharma A/S*, No. 22 CIV. 9156 (LGS), 2022 WL 17830719, at *2 (S.D.N.Y. Dec. 20, 2022) (quoting *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)). However, the party seeking to avoid disclosure "must make a 'particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.'" *GSC Logistics, Inc. v. Amazon.com Servs. LLC*, No. 23-CV-5368 (JGLC), 2023 WL 4993644, at *6 (S.D.N.Y. Aug. 4, 2023) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

Cleo argues that disclosure would expose its "business intelligence" but fails to articulate the specific harm the disclosure of the information in the complaint and declaration would cause. *See* ECF No. 11 at 1–3. The declaration states that each piece of information "reflects the

evolution and development of Cleo's AI systems and decision engines," but why that knowledge—formed based on the historical, aggregated data in the complaint—would put Cleo at a competitive disadvantage is not mentioned. ECF No. 12 ¶¶ 11; *see also Salomon Smith Barney, Inc. v. HBO & Co.*, No. 98-CV-8721 (LAK), 2001 WL 225040, at *3 (S.D.N.Y. Mar. 7, 2001) ("[I]mplicit in the notion of 'confidential business information' is something beyond the mere fact that the particular datum has not previously been made available to the public."). These broad allegations of potential harm do not outweigh the presumption of access for either document. *See GSC Logistics*, 2023 WL 4993644, at *6; *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).

Thus, Defendant's request to permanently seal the complaint and Rahul Jain's declaration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 11. Counsel are directed to refile the unredacted complaint and declaration by **May 2, 2025**.

**SO ORDERED.**

**Dated:**    **April 30, 2025**
           **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

4